Mr. Paul Valenti Attorney for Central County Water Control District 717 Southwest 11th Terrace Cape Coral, Florida 33991
Dear Mr. Valenti:
You have asked substantially the following questions:
1. May the Central County Water Control District install traffic control devices on streets located within a platted subdivision that have been dedicated for the district's and public's use, but that have not been accepted as county roads?
2. If not, can the district be held liable for injuries shown to have been proximately caused by the failure to erect and maintain traffic control devices?
3. May the district be held liable for removing traffic devices that were previously installed?
In sum:
1. The Central County Water Control District has no authority to install traffic control devices on any streets located within its boundaries.
2. In light of the response to Question One, no response to this question is necessary.
3. Any liability resulting from the removal of traffic control devices previously installed by the Central County Water Control District would have to be determined by a court of competent jurisdiction, and cannot be determined by this office.
You state that the Central Water Control District (district) is a water control district created under Chapter 298, Florida Statutes. In 1970, a private land development company dedicated the roads within a subdivision to the perpetual use of the district and the public. In approving the plats for recording, the county commission specifically disavowed any obligation to maintain or control any streets or roads within the subdivision.
Since the dedication, the public has used the roads and the sheriff's department has routinely patrolled and issued traffic citations for violations. Stop signs and speed limit postings were erected by a former board of supervisors for the district. The current board, however, questions its authority to maintain such traffic control devices.
Question One
Section 316.006, Florida Statutes, vests jurisdiction to control traffic in the state, counties, and charter municipalities. Counties are specifically given original jurisdiction over all streets and highways located within their boundaries, except state roads and municipal streets.[1] The statute authorizes them to place and maintain traffic control devices they deem necessary to regulate, warn, or guide traffic. The sheriff of the county enforces all traffic laws of this state on all the streets and highways thereof and elsewhere throughout the county wherever the public has the right to travel by motor vehicle.[2] A county may also exercise traffic control jurisdiction over any private roads, or any limited access roads owned or controlled by a special district, located in its unincorporated area, if the county and the party or parties owning or controlling such roads enter into a written agreement approved by the governing body of the county.[3]
The agreement, however, must provide at a minimum for reimbursement of actual costs of traffic control and enforcement and for liability insurance and indemnification by the party or parties.[4] Moreover, the governing body of the county must consult with the sheriff and no such agreement shall take effect prior to October 1, the beginning of the county's fiscal year, unless this requirement is waived in writing by the sheriff.[5]
Thus, there is no authority for a special district, such as the Central County Water Control District, to exercise traffic control jurisdiction over roads within its boundaries.[6]
As reflected in the adoption of the platted subdivision, the roads dedicated to the district's use have not been accepted by the county's governing body as county roads. Application and enforcement of The Florida Uniform Traffic Control Law, Chapter 316, Florida Statutes, however, is not limited to county maintained roads, but applies to any road where the public has a right to travel by motor vehicle.[7] You have indicated that the public historically has used the roads in question.
In Attorney General Opinion 81-18 (1981), this office was asked to comment on a county's authority to post enforceable traffic control devices on public roads that were constructed by a water control district, but had not been accepted by the board of county commissioners as part of the county road system. Citing the county's statutory authority to control traffic over all streets and highways located within its boundaries, except state roads and municipal streets, it was concluded that the county was authorized to post traffic control devices wherever the public had a right to travel by motor vehicle within the county, regardless of whether the county had accepted responsibility for the operation and control of such roads.
The opinion recognized the exclusive jurisdiction over roads and highways vested in the state, chartered municipalities, and counties. It further noted that "local authorities," defined by section 316.003(20), Florida Statutes, to include officers and public officials of counties and municipalities, may exercise the police power to regulate traffic by means of traffic control devices.[8] This office found no authority, however, for the water control district to exercise traffic control over the roads that it had created or maintained.
No statutory authority has been found that would allow the Central Water Control District to control traffic under Chapter 316, Florida Statutes, or to enforce the traffic laws of this state. Accordingly, it is my opinion that the district may not install traffic control devices on streets located within a platted subdivision and dedicated for the district's and public's use, but that have not been accepted as county roads.
Question Two
The question of whether the exercise of traffic control jurisdiction and the posting and maintenance of traffic control devices operates to impose potential tort liability for any motor vehicle accidents that may occur due to negligent maintenance of such devices is a mixed question of law and fact that cannot be addressed by this office. As discussed in Question One, the district possesses no authority to exercise traffic control jurisdiction over the subject roads. Moreover, no statutory duty to install or maintain traffic control devices by the district has been identified. Thus, there is no necessity to respond to this question.
Question Three
A determination of whether the district may be liable for injuries resulting from its removal of signs or traffic control devices previously placed on the roads by the district is a mixed question of law and fact that may not be answered by this office. Generally, however, the essential elements of a cause of action in tort are the existence of a legal right in the plaintiff, a corresponding legal duty in the defendant, and a violation of that duty that results in consequential damage or injury to the plaintiff.[9] Ultimately, a court must determine whether the district's initial installation of the traffic control devices created a duty that was assumed by the district and, once assumed, cannot be relinquished by removal of the signs.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 316.006(3), Fla. Stat. (1995).
[2] Section 316.640(2)(a), Fla. Stat. (1995).
[3] Section 316.006(3)(b), Fla. Stat. (1995).
[4] Section 316.006(3)(b)1., Fla. Stat. (1995).
[5] Section 316.006(3)(b)2., Fla. Stat. (1995).
[6] See, Op. Att'y Gen. Fla. 84-46 (1984) (airport authority does not possess authority to exercise traffic control over public roads maintained by the authority).
[7] See, s. 316.072(1), Fla. Stat. (1995), providing that Chapter 316 shall apply "upon all state-maintained highways, county-maintained highways, and municipal streets and alleys andwherever vehicles have the right to travel." (e.s.) And see, s.316.003(53), Fla. Stat. (1995), defining "STREET OR HIGHWAY" to include "[t]he entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic."
[8] See, s. 316.008, Fla. Stat. (1995), prescribing the powers of local authorities that may be exercised relative to traffic control.
[9] See, Fla. Jur.2d, Torts s. 3.